**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS CERRATO-AVILA,

Defendant - Appellant.

No. 24-1193
(D.C. No. 1:23-CR-00046-RMR-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

Before **HOLMES**, Chief Judge, **MORITZ** and **ROSSMAN**, Circuit Judges.

_____

Dennis Cerrato-Avila pleaded guilty to a drug-conspiracy charge and was sentenced to 72 months of imprisonment. He challenges the reasonableness of his sentence. As Cerrato-Avila does not adequately address the requirements of plain-error review or the merits of his challenge, his arguments are waived. Even if his arguments were not waived, they are not persuasive. We therefore affirm.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**Background**

Following an attempted sale of fentanyl to an undercover officer, Cerrato-Avila pleaded guilty to conspiring to distribute and possess with intent to distribute fentanyl. His presentence investigation report (PSR) calculated his total offense level at 33, based in part on the inclusion of drug weights from a separate state-court drug-distribution charge. The PSR reasoned that the distribution of fentanyl and methamphetamine underlying the state charge constituted relevant conduct because it involved similar behavior occurring within a year of the federal charge. The PSR accordingly calculated a sentencing range under the United States Sentencing Guidelines (U.S.S.G. or the Guidelines) of 135 to 168 months. But it ultimately recommended a 120-month sentence to run concurrent with Cerrato-Avila's expected state-court sentence.

Cerrato-Avila objected to the PSR, arguing that the state offense did not constitute relevant conduct. The district court agreed, concluding that the federal and state offenses were not "similar enough to be considered relevant conduct" because 11 months elapsed between the offenses, rendering them "sufficiently separate in time." R. vol. 3, 43–44. That lowered the total drug weight, reducing the total offense level to 23 and the Guidelines range to 60 months. The district court then varied upward based on the sentencing factors in 18 U.S.C. § 3553, imposing 72 months in prison to be served consecutively to the state-court sentence. About a week later, the state court sentenced Cerrato-Avila to 144 months. He appeals.

2

**Analysis**

Cerrato-Avila challenges the reasonableness of his federal sentence.

## I.       Procedural Reasonableness

He first suggests that the district court committed a "procedural error" at sentencing by failing to explain why it imposed his sentence consecutively. Aplt. Br. 2. This suggestion was not raised below and is thus subject to plain-error review. *See United States v. Berryhill*, 140 F.4th 1287, 1293 (10th Cir. 2025). But Cerrato-Avila's plain-error arguments are woefully underdeveloped. He merely recites the standard without analyzing any of its prongs and then fails to correct those deficiencies in his reply, despite the government pointing them out. Accordingly, Cerrato-Avila has waived even plain-error review: such "general and conclusory" assertions of plain error do not "warrant review." *United States v. Isabella*, 918 F.3d 816, 845 (10th Cir. 2019) (quoting *Collins v. Diversified Consultants Inc.*, 754 F. App'x 714, 718 (10th Cir. 2018)).

Regardless, his arguments are not persuasive. Without elaboration, Cerrato-Avila asserts that the district court plainly erred by failing to "provide its reasons for imposing the sentence consecutively." Aplt. Br. 4. To be sure, a district court commits procedural error when it "fail[s] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, however, the district court adhered to the applicable rules and adequately explained its analysis.

When terms of imprisonment are imposed at different times, the default rule is that they run consecutively "unless the court orders that the terms are to run

concurrently." 18 U.S.C. § 3584(a). That means district courts have discretion "to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences" imposed at different times, including "a state sentence that has not yet been imposed." *Setser v. United States*, 566 U.S. 231, 236 (2012). In exercising such discretion, district courts must consider "the factors set forth in [§] 3553(a)," per § 3584(b), and the applicable guideline, which directs courts to impose a federal sentence concurrently with an anticipated state sentence if the state offense constitutes relevant conduct for the federal offense, U.S.S.G. § 5G1.3(c).

The district court followed these rules here. In explaining why the state offense was not relevant conduct for the federal offense, the district court necessarily rejected § 5G1.3(c)'s special rule for relevant-conduct offenses, leaving instead the default rule of consecutive sentences. *See* § 3584(a). It then adequately explained why the § 3553(a) factors supported its decision to follow the default rule. There was no procedural error here—plain or otherwise.

## II.    Substantive Reasonableness

Next, in what the government charitably characterizes as a substantive-reasonableness argument, Cerrato-Avila flatly asserts that the total length of time he might spend incarcerated (up to 216 months) is "not reasonable" because it is longer than what the PSR and the government recommended when they treated his state offense as relevant conduct. Aplt. Br. 4. Whether this assertion is a separate substantive-reasonableness argument or an expansion of Cerrato-Avila's procedural argument (as seems more likely), it is waived by inadequate appellate briefing. *See*

4

*Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). It's also both misleading and wrong. It's misleading because the district court did vary upward from his 60-month sentencing range, but only to 72 months. Any additional time that Cerrato-Avila may spend in prison stems from his state-court sentence. And if this argument is an expansion of his procedural argument, it is wrong for the reasons already stated. If it's a substantive-reasonableness argument, it's wrong because the district court thoroughly justified the upward variance with individualized reference to the § 3553(a) factors. And doing so was not an abuse of discretion.[1] *See United States v. Damato*, 672 F.3d 832, 838 (10th Cir. 2012).

---

[1] In his reply brief, Cerrato-Avila argues that the government breached the terms of the underlying plea agreement by defending the district court's sentencing decision on appeal. That argument is meritless. The complete clause from the plea agreement is: "The parties agree to recommend a sentence at the low[ ]end of the applicable [G]uideline[s] range for the criminal history and a total offense level calculated by the [c]ourt at sentencing." Supp. R. vol. 1, 44. Consequently, the government fulfilled its plea-agreement obligations when it did, in fact, "request[] a sentence of 60 months" at the sentencing hearing. R. vol. 3, 48. No reasonable defendant would interpret a promise to recommend a certain sentence to the district court to affect how the government responds to an appeal. *See United States v. Villa-Vazquez*, 536 F.3d 1189, 1196 (10th Cir. 2008) (explaining test for when government breaches plea agreement); *cf. United States v. Trujillo*, 537 F.3d 1195, 1201 (10th Cir. 2008) (explaining that reasonable defendant would not interpret promise to recommend sentence at low end of Guidelines range to preclude government from arguing for a higher offense level based on conduct underlying a dismissed count).

**Conclusion**

Finding Cerrato-Avila's arguments both waived and unpersuasive, we affirm.


Entered for the Court


Nancy L. Moritz
Circuit Judge